**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DANIEL COOK,

    Plaintiff,

vs.                                                                                                      No. 10-cv-01173-JAP-WDS

THE HONORABLE THEODORE C. BACA,
individually and in his official capacity,
WELLS FARGO BANK, N.A, WELLS FARGO
& COMPANY, JAY D. HERTZ, ESQ. and
MICHELLE K. OSTRYE, ESQ, both individually
and as counsel for Wells Fargo Bank, N.A. and Wells
Fargo & Company, N.A., PENNY T.KNIPPS,
individually and in her capacity as V.P of WELLS
FARGO BANK, N.A., SUTIN, THAYER & BROWN,
P.C., SCOTT GARRETT, individually, THE SCOTT
AND PAMELA GARRETT TRUST DATED JUNE 14,
1999, BID GROUP, INC., GARRETT CAPITAL, LLC,
JULIE VARGAS, ESQ. and CATHERINE DAVIS, ESQ
counsel for Scott Garret, the Garret Trust, Garret Capital,
LLC, and Bid Group, Inc., HUNT & DAVIS, P.C., and
JOHN DOE and/or JANE DOE.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On December 9, 2010 Plaintiff Daniel W. Cook, appearing pro se, filed a Complaint (Doc. No. 1) against Defendants The Honorable Theodore C. Baca, Wells Fargo Bank, Jay D. Hertz, Michelle K. Ostrye, Scott Garrett, the Garrett Trust, Julie Vargas, and Catherine Davis. On January 6, 2011 Defendants Wells Fargo Bank, Jay D. Hertz, and Michelle K. Ostrye (collectively Wells Fargo) filed three motions: a Motion to Dismiss Complaint With Prejudice Pursuant To *Rooker Feldman* (Doc. No. 7); a Motion To Dismiss With Prejudice For Lack Of Jurisdiction Under The *Younger v. Harris* Abstention Doctrine (Doc. No. 8); and a Motion To Dismiss Complaint For Failure To State A Claim And For Violations Of Federal Rule Of Civil

1

Procedure 8 (Doc. No. 9) (Collectively Motions to Dismiss).

On January 14, 2011, approximately one week after Wells Fargo filed its Motions to Dismiss, Cook filed a First Amended Complaint (Doc. No. 11).  Shortly thereafter, on January 19, 2011, Cook filed a Motion To Strike/Dismiss Documents 7, 8, 9 Filed By Wells Fargo Bank, NA, Jay D. Hertz, And Michelle Ostrye, Collectively Movants, Alternatively Request For Additional Time To Respond To The Merits (Motion to Strike) (Doc. No. 15).  In his Motion to Strike, Cook argues that Wells Fargo's Motions to Dismiss should be stricken for two reasons.  First, Cook contends that when the Motions to Strike were filed, the Court did not have personal jurisdiction over Wells Fargo because Cook had not yet served process. Second, Cook contends that the Motions to Dismiss were mooted when Cook filed his Amended Complaint.

On January 28, 2011 Wells Fargo filed its Response (Doc. No. 28) to Cook's Motion to Strike and conceded that Wells Fargo's Motions to Dismiss were mooted by Cook's Amended Complaint.  However, while Cook contends that his Motion to Strike should be granted because the Motions to Dismiss are moot, Wells Fargo contends that Cook's Motion to Strike should be denied because the Motions to Dismiss are moot.  With respect to Cook's argument about personal jurisdiction, Wells Fargo contends that its Motions to Dismiss were not improper because Wells Fargo has consented to the Court's jurisdiction and service is therefore unnecessary.

In addition to filing its Response, Wells Fargo filed a Motion To Dismiss Plaintiff's First Amended Complaint (Motion to Dismiss Amended Complaint) (Doc. No. 27).[1]  In its Motion to Dismiss Amended Complaint, Wells Fargo incorporated by reference all of the arguments contained in its previously filed Motions to Dismiss.

---

[1] Cook filed a separate Motion to Strike (Doc. No. 33) on February 2, 2011 seeking to strike Wells Fargo's Motion to Dismiss Amended Complaint.

On February 2, 2011 Cook filed his Reply To Response In Opposition To Motion To Strike/Dismiss Documents 7,8,9 (Reply) (Doc. No. 34).  In his Reply, Cook repeats his argument that the Motions to Dismiss were frivolous because Cook had not yet served process.[2]

## DISCUSSION

Both parties agree that Wells Fargo's Motions to Dismiss became moot when Cook filed his Amended Complaint.  Despite this concession, the Court will briefly address Cook's argument that the Motions to Dismiss were filed for an improper purpose. According to Cook, Wells Fargo "knowingly abused process in this Court by filing the [Motions to Dismiss]" because the Court allegedly did not have personal jurisdiction over Wells Fargo.  Motion to Strike at 3.  Cook contends that the Court did not have personal jurisdiction because Cook had not served process at the time that Wells Fargo filed its Motions to Dismiss. Contrary to Cook's argument, however, a party is not barred from filing an answer or a motion in a case until after process has been served.  While service of process is one manner in which the Court can obtain personal jurisdiction over a defendant, a defendant is also free to voluntarily consent to the Court's jurisdiction and "an individual may consent to the personal jurisdiction of the court by appearance." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). In addition, "[i]f a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses." *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170 (10th Cir. 1992).  Because Wells Fargo

---

[2] Cook also raises a new argument that by incorporating the Motions to Dismiss into the Motion to Dismiss Amended Complaint, Wells Fargo violated the local rules of civil procedure governing page limits for motions. In his Reply, Cook requests that the Court not only strike Wells Fargo's Motions to Dismiss, but also that the Court strike Wells Fargo's Motion to Dismiss Amended Complaint. These arguments are the subject of a separate Motion To Strike Motion To Dismiss Plaintiff's First Amended Complaint (Second Motion to Strike) (Doc. No. 33) that Cook filed on February 2, 2011.  The Court will therefore address these arguments in a separate opinion.

filed pre-answer motions to dismiss and did not raise the defenses of lack of personal jurisdiction or insufficiency of service, Wells Fargo has waived these defenses and consented to the Court's jurisdiction. Because Wells Fargo has consented to the Court's jurisdiction, the Court concludes that Wells Fargo did not file its Motions to Dismiss for an improper purpose.

      The Court also takes issue with the apparent inappropriate conduct that Cook engaged in with respect to service of process and his Motion to Strike.  According to Cook, he contacted Wells Fargo's attorneys by email to see if they would waive service so that Cook would not incur the fees associated with serving process.  According to Cook, the attorneys agreed. Despite the fact that Cook had sought and obtained an agreement by Wells Fargo to waive service of process, Cook attacked Wells Fargo's Motions to Dismiss on the ground that Cook had not served process on Wells Fargo.  However, the only reason that process had not been served is that Cook had requested that Wells Fargo waive service.  Thus, to the extent that there is any improper conduct in this case, it appears that Cook, not Wells Fargo, has acted improperly.  While Cook benefitted from his agreement with Wells Fargo in that he did not incur fees associated with service, Cook used that agreement against Wells Fargo by arguing that Wells Fargo's Motions to Dismiss were improper on the ground of lack of service.  Further, Cook caused Wells Fargo to suffer the detriment of having to respond to Cook's Motion to Strike.

      Because the Court concludes that Wells Fargo's Motions to Dismiss were not filed for an improper purpose, the Court concludes that Cook's Motion to Strike should be denied.  Despite the fact that Cook's Motion to Strike should be denied, the Court must also dispose of Wells Fargo's Motions to Dismiss due to the parties' concession that the Motions to Dismiss are moot. Complicating matters is the fact that Wells Fargo incorporated its Motions to Dismiss into its Motion to Dismiss Amended Complaint.  Because the arguments raised in Wells Fargo's

Motions to Dismiss are still relevant due to their incorporation into Wells Fargo's Motion to Dismiss Amended Complaint, the Court concludes that, for administrative purposes, the Motions to Dismiss will be denied without prejudice so that they no longer appear as pending motions. The Court wishes to emphasize that the denial of Wells Fargo's Motions to Dismiss is for administrative purposes only and does not affect Wells Fargo's incorporation of the arguments made in the Motions to Dismiss into its Motion to Dismiss Amended Complaint. Thus, Cook will still be required to respond to the arguments made in the Motions to Dismiss to the extent that those arguments are reasserted or incorporated into Wells Fargo's Motion to Dismiss Amended Complaint.[3]

IT IS ORDERED THAT Plaintiff Daniel Cook's Motion To Strike/Dismiss Documents 7, 8, 9 Filed By Wells Fargo Bank, NA, Jay D. Hertz, And Michelle Ostrye, Collectively Movants, Alternatively Request For Additional Time To Respond To The Merits (Doc. No. 15) is DENIED.

IT IS FURTHER ORDERED THAT Defendants Wells Fargo, Jay D. Hertz, and Michelle K. Ostrye's Motion to Dismiss Complaint With Prejudice Pursuant To *Rooker Feldman* (Doc. No. 7), Motion To Dismiss With Prejudice For Lack Of Jurisdiction Under The *Younger v. Harris* Abstention Doctrine (Doc. No. 8), and Motion To Dismiss Complaint For Failure To State A Claim And For Violations Of Federal Rule Of Civil Procedure 8 (Doc. No. 9) are DENIED without prejudice for administrative purposes.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE

---

[3] The Court notes that whether Cook has to respond to the Motion to Dismiss Amended Complaint will depend on the Court's resolution of Cook's Second Motion to Dismiss.