UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DANIEL COOK,

    Plaintiff,

vs.                                                                           No. 10-cv-01173-JAP-WDS

THE HONORABLE THEODORE C. BACA,
individually and in his official capacity,
WELLS FARGO BANK, N.A, WELLS FARGO
& COMPANY, JAY D. HERTZ, ESQ. and
MICHELLE K. OSTRYE, ESQ, both individually
and as counsel for Wells Fargo Bank, N.A. and Wells
Fargo & Company, N.A., PENNY T. KNIPPS,
individually and in her capacity as V.P of WELLS
FARGO BANK, N.A., SUTIN, THAYER & BROWN,
P.C., SCOTT GARRETT, individually, THE SCOTT
AND PAMELA GARRETT TRUST DATED JUNE 14,
1999, BID GROUP, INC., GARRETT CAPITAL, LLC,
JULIE VARGAS, ESQ. and CATHERINE DAVIS, ESQ
counsel for Scott Garret, the Garret Trust, Garret Capital,
LLC, and Bid Group, Inc., HUNT & DAVIS, P.C., and
JOHN DOE and/or JANE DOE.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On January 14, 2011, Plaintiff Daniel Cook, appearing pro se, filed a First Amended Complaint (Doc. No. 11) against Defendants The Honorable Theodore C. Baca, Wells Fargo Bank, N.A., Wells Fargo & Company, Jay D. Hertz, Michelle K. Ostrye, Penny T. Knipps, Sutin Thayer & Browne, P.C., Scott Garrett, the Scott and Pamela Garrett Trust Dated June 14, 1999, Bid Group, Inc., Garrett Capital, LLC, Julie Vargas, Catherine Davis, Hunt & Davis, P.C., and John Doe and/or Jane Doe. On January 28, 2011, Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, Jay D. Hertz, Michelle K. Ostrye, Penny T. Knipps, and Sutin, Thayer &

1

Browne, P.C. (collectively Wells Fargo) filed a Motion To Dismiss Plaintiff's First Amended Complaint (Motion to Dismiss Amended Complaint) (Doc. No. 27). On February 1, 2011 Cook filed a Motion To Strike Motion To Dismiss Plaintiff's First Amended Complaint (Second Motion to Strike) (Doc. No. 33). Wells Fargo filed a Response (Doc. No. 43) on February 10, 2011 and Cook filed a Reply (Doc. No. 45) on February 22, 2011. Having considered the arguments raised by the parties as well as the applicable law, the Court concludes that Cook's Motion to Strike should be denied.

## BACKGROUND

Cook originally filed a Complaint (Doc. No. 1) against Defendants in December, 2010. On January 6, 2011 Wells Fargo filed three motions: a Motion to Dismiss Complaint With Prejudice Pursuant To *Rooker Feldman* (Doc. No. 7); a Motion To Dismiss With Prejudice For Lack Of Jurisdiction Under The *Younger v. Harris* Abstention Doctrine (Doc. No. 8); and a Motion To Dismiss Complaint For Failure To State A Claim And For Violations Of Federal Rule Of Civil Procedure 8 (Doc. No. 9) (Collectively Motions to Dismiss Complaint). On January 19, 2011, Cook filed a Motion To Strike/Dismiss Documents 7, 8, 9 Filed By Wells Fargo Bank, NA, Jay D. Hertz, And Michelle Ostrye, Collectively Movants, Alternatively Request For Additional Time To Respond To The Merits (First Motion to Strike) (Doc. No. 15). On March 1, 2011 the Court entered a Memorandum Opinion and Order (Doc. No. 53) denying Cook's First Motion to Strike. For administrative purpose, the Court also denied Wells Fargo's Motions to Dismiss Complaint.

On January 14, 2011, approximately one week after Wells Fargo filed its Motions to Dismiss Complaint, Cook filed a First Amended Complaint (Doc. No. 11). Shortly thereafter, on January 28, 2011, Wells Fargo filed a Motion To Dismiss Plaintiff's First Amended Complaint

(Motion to Dismiss Amended Complaint) (Doc. No. 27). In its Motion to Dismiss Amended Complaint, Wells Fargo incorporated by reference all of the arguments contained in its previously filed Motions to Dismiss Complaint and made additional arguments in response to the additional allegations contained in Cook's Amended Complaint.[1] On February 2, 2011 Cook filed his Second Motion to Strike, contending that Wells Fargo violated the local rules of civil procedure by incorporating the arguments it made in its Motions to Dismiss Complaint into its Motion to Dismiss Amended Complaint.

**DISCUSSION**

In his Second Motion to Strike, Cook argues that because Wells Fargo's Motion to Dismiss Amended Complaint incorporates by reference the arguments Wells Fargo made in its Motions to Dismiss Complaint, the Motion to Dismiss Amended Complaint, which is only twenty pages, actually contains a total of seventy pages of argument and fifty-six pages of exhibits. Cook contends that this violates D.N.M.LR-Civ 7.5 which provides that a motion "must not exceed twenty-seven (27) double-spaced pages" and D.N.M.LR-Civ 10.5 which provides that "exhibits to a motion . . . must not exceed a total of fifty (50) pages." Cook also contends that in order for Cook to properly respond to Wells Fargo's Motion to Dismiss Amended Complaint, Wells Fargo needs to file a more definitive statement of its arguments.[2]

With respect to his first argument, Cook does not cite any authority to support his

---

[1] Cook's Amended Complaint added seven additional counts, expanding the Complaint from thirty-nine pages to one-hundred and seventeen pages.

[2] Cook also contends that he is incorporating by reference the arguments he made in his Reply (Doc. No. 34) to Wells Fargo's Response (Doc. No. 28) to Cooks First Motion to Strike. However, there are no arguments in that document that relate to Wells Fargo's Motion to Dismiss Amended Complaint other than the arguments Cook has already made in his Second Motion to Strike.

assertion that the length of motions that are incorporated by reference should be counted when calculating the number of pages in a motion. Despite this deficiency, the Court has found some precedent for precluding a party from using incorporation by reference to circumvent page limitation rules.  In *Gaines-Tabb v. ICI Explosives, USA, Inc*., 160 F.3d 613, 624 (10th Cir.1998), for example, the Tenth Circuit Court of Appeals noted that on appeal, an appellant cannot incorporate by reference motions made before the district court to circumvent page limitations on briefs set forth in the rules of appellate procedure.  There are no cases applying this rule outside of an appellate court, and the Court concludes that the rule has no application in district court because while parties are limited to filing one brief in an appeal, parties are not precluded from filing multiple motions in district court. Thus, there is no principled basis for precluding a party from incorporating an argument that it has previously made as the party would be permitted to simply file a separate motion that reasserts the arguments it seeks to incorporate.  Further, there is no evidence that Wells Fargo incorporated the arguments made in its Motions to Dismiss Complaint in an attempt to circumvent the page limitation rules.  Rather, it appears that Wells Fargo incorporated its arguments in order to avoid duplicitous filings that reasserted the arguments Wells Fargo had already made.  Thus, the Court concludes that Wells Fargo was not precluded from incorporating the arguments it made in its Motions to Dismiss Complaint into its Motion to Dismiss Amended Complaint.

   Finally, to the extent that Wells Fargo's incorporation of its Motions to Dismiss Complaint into its Motion to Dismiss Amended Complaint could be deemed to make Wells Fargo's Motion to Dismiss Amended Complaint exceed the twenty-seven page limitation imposed by the local rules, the Court concludes that this extension would be permissible in light of the fact that Cook's 117 page, thirteen count Amended Complaint necessitated an atypically

lengthy motion to dismiss. Had Wells Fargo requested leave from the Court to exceed the page limitations, the Court would have granted that request.

While the Court concludes that Cook's Second Motion to Strike should be denied because Wells Fargo's Motion to Dismiss Amended Complaint does not violate the local rules of civil procedure, Cook raises an argument in his Reply that deserves a brief discussion. In his Reply, Cook contends that Wells Fargo's Motions to Dismiss Complaint, which the Court has already denied for administrative purposes, violated Rule 12(g). Under Rule 12(g)(2), "a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). This rule does not apply to motions raising "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim." *Id.* and 12(h)(2). Because Wells Fargo initially filed three separate Rule 12 motions, rather than one consolidated motion, Cook has a valid argument that Wells Fargo's initial act of filing three separate motions violated Rule 12(g).[3] Despite the validity of this argument, the Court need not address whether Wells Fargo's act of filing three motions rather than one consolidated motion violated Rule 12 because the parties agreed that the Motions to Dismiss Complaint were mooted when Cook filed his Amended Complaint and the Court denied the Motions to Dismiss for administrative purposes. When Cook filed his Amended Complaint, Wells Fargo was permitted to file a new Rule 12 motion to dismiss, which it did. And, rather than file three separate motions, Wells Fargo filed one consolidated motion that incorporated all of its Rule 12 defenses in one motion. Thus, Wells Fargo's Motion to Dismiss Amended

---

[3] Under Rule 12(g), both of Wells Fargo's Rule 12(b)(1) arguments should have been raised in the same motion. However, Wells Fargo was permitted to raise its 12(b)(6) argument in a separate motion.

Complaint, unlike its Motions to Dismiss Complaint, does not run afoul of Rule 12 and Cook's argument that the Motions to Dismiss violated Rule 12 is moot as Wells Fargo's Motions to Dismiss Complaint have been supplanted by Wells Fargo's Motion to Dismiss Amended Complaint.

In addition to arguing that Wells Fargo's Motion to Dismiss Amended Complaint should be stricken, Cook requested that the Court grant Cook an additional fourteen days to either respond to Wells Fargo's Motion to Dismiss Amended Complaint or to file a motion for a more definitive statement of Wells Fargo's arguments. In his Reply, Cook clarifies that he merely wants the Court to provide guidance to Cook regarding what arguments raised in Wells Fargo's Motion to Dismiss Amended Complaint should be addressed in Cook's response. Because the Court has concluded that there is nothing improper about Wells Fargo's Motion to Dismiss Amended Complaint, Cook is obligated to respond to all of the arguments raised in the Motion to Dismiss Amended Complaint. *See* D.N.M.LR-Civ 7.1(b) (providing that "[t]he failure of a party to file and serve a response in opposition to a motion . . . constitutes consent to grant the motion").

While Cook's Second Motion to Strike will be denied, the Court acknowledges Cook's concern that responding to the arguments made in Wells Fargo's Motion to Dismiss Amended Complaint might require a longer response than what is permitted by the local rules. Wells Fargo has made a number of arguments attacking Cook's Amended Complaint, and adequately responding to those arguments may not be possible if Cook is limited to only twenty-four pages in his response. For that reason, the Court will allow Cook's response to exceed the twenty-four page limit imposed by D.N.M.LR.-Civ. 5.1 by no more than fifteen (15) pages. Consequently, Wells Fargo will also be given an additional seven pages to reply to Cook's response. Cook's

response to Wells Fargo's Motion to Dismiss Amended Complaint will be by March 18, 2011.

IT IS ORDERED THAT Plaintiff Daniel Cook's Motion To Strike Motion To Dismiss Plaintiff's First Amended Complaint (Doc. No. 33) is DENIED.

IT IS FURTHER ORDERED THAT Plaintiff Daniel Cook's response to Defendants Wells Fargo Bank, N.A., Wells Fargo & Company, Jay D. Hertz, Michelle K. Ostrye, Penny T. Knipps, and Sutin Thayer & Browne, P.C.'s Motion To Dismiss Plaintiff's First Amended Complaint (Doc. No. 27) is due by March 18, 2011.

IT IS FURTHER ORDERED THAT Cook is permitted to file a response that is up to thirty-nine pages in length and Wells Fargo is permitted to file a reply that is up to nineteen pages in length.

                                                                               */s/ James A. Parker*

                                          SENIOR UNITED STATES DISTRICT COURT JUDGE